IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEAN J.M.,

Petitioner,

vs.

TONYA ANDREWS, *et al.*,

Respondents.

Civil No. 1:26-cv-08190-MWJS

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

A# 233-992-096

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jean J.M.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. In June 2024, the Department of Homeland Security (DHS) granted Petitioner humanitarian parole until June 12, 2025. Dkt. No. 9, at pg. 6. Immigration authorities detained Petitioner on September 3, 2026, without any pre-deprivation process. *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending that his detention violated his due process rights. Dkt. No. 1, at pgs. 17–18. This court and many other district judges have granted relief in cases analogous to this one. *See, e.g.*, *Jose A.M.L. v. Wofford*, No. 1:26-cv-03478-MWJS, 2026 WL 1272459 (E.D. Cal. May 8,

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

2026); *Elisbel S.V. v. Chestnut*, No. 1:26-cv-03100-MWJS, 2026 WL 1246405 (E.D. Cal. May 5, 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order calling on Respondents to address five questions, including whether there are "any factual or legal bases to distinguish this case from the many prior cases in which other petitioners in a variety of circumstances have been granted immediate release." Dkt. No. 8. The court appreciates Respondents' prompt and candid response. Dkt. No. 9. In their response, although Respondents maintain that Petitioner's detention is lawful, they acknowledge that "this case is in the category of immigration habeas cases for which the [c]ourt has typically ordered immediate release on due process grounds." *Id.* at pg. 2. Indeed, Respondents state that "the facts and legal basis of this case are not distinguishable from those identified the in [c]ourt's order." *Id.* at pgs. 2–3.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Jean J.M. (A# 233-992-096) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

//

//

//

Given the foregoing, Petitioner's motion to appoint counsel, Dkt. No. 3, and his petition for temporary restraining order, Dkt. No. 4, are DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: October 8, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge